# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:     2020AP1935

†Petition for Review filed

Complete Title of Case:

**JD PRIME GAMES KIOSK, LLC, JALIL M. MIAN D/B/A MJ PETRO AND SF FOOD MART, RAZA, LLC D/B/A NORTHWESTERN CITGO AND RAZA PETROLEUM, KONG ENTERPRISES, LLC D/B/A ODD FELLOWS, DHALIWAL DEPPINDER SINGH D/B/A AD PETROLEUM AND NARENDAR SHAH D/B/A MOBIL DELI FOOD EXPRESS,**

     **PLAINTIFFS-RESPONDENTS,†**

     **V.**

**WISCONSIN DEPARTMENT OF REVENUE, WISCONSIN DEPARTMENT OF JUSTICE, RICHARD G. CHANDLER, BRIAN WALDHERR AND BRAD D. SCHIMEL,**

     **DEFENDANTS-APPELLANTS.**

| | |
|---|---|
| Opinion Filed: | December 21, 2021 |
| Submitted on Briefs: | September 10, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, C.J., Dugan and White, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendants-appellants, the cause was submitted on the briefs of *Joshua L. Kaul*, attorney general, and *Colin T. Roth*, assistant attorney general. |

Respondent  
ATTORNEYS:         On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Todd A. Terry* of *Terry & Nudo, LLC* of Kenosha.

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## December 21, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP1935**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2017CV1351**

**IN COURT OF APPEALS**

---

JD PRIME GAMES KIOSK, LLC, JALIL M. MIAN D/B/A MJ PETRO AND SF FOOD MART, RAZA, LLC D/B/A NORTHWESTERN CITGO AND RAZA PETROLEUM, KONG ENTERPRISES, LLC D/B/A ODD FELLOWS, DHALIWAL DEPPINDER SINGH D/B/A AD PETROLEUM AND NARENDAR SHAH D/B/A MOBIL DELI FOOD EXPRESS,

      PLAINTIFFS-RESPONDENTS,

    V.

WISCONSIN DEPARTMENT OF REVENUE, WISCONSIN DEPARTMENT OF JUSTICE, RICHARD G. CHANDLER, BRIAN WALDHERR AND BRAD D. SCHIMEL,

      DEFENDANTS-APPELLANTS.

---

      APPEAL from an order of the circuit court for Racine County: MICHAEL J. PIONTEK, Judge. *Reversed and cause remanded with directions*.

      Before Brash, C.J., Dugan and White, JJ.

¶1 BRASH, C.J. The Wisconsin Department of Revenue, the Wisconsin Department of Justice, Richard G. Chandler, Brian Waldherr, and Brad D. Schimel (collectively, the "DOR") appeal an order by the trial court which declared that video gaming machines distributed by JD Prime Games Kiosk, LLC are not gambling machines as defined in WIS. STAT. § 945.01(3) (2019-20).[1]

¶2 We conclude that the video gaming machines meet the statutory definition of a gambling machine. We therefore reverse the trial court's order granting declaratory judgment in favor of JD Prime, and remand this matter for the entry of an order declaring that its video gaming machines are indeed gambling machines, as asserted by the DOR.

## BACKGROUND

¶3 JD Prime sells, distributes, and services video gaming machines to convenience stores throughout Wisconsin. Players insert money into the machines and receive credits, which they may then use for game play. There are different game themes that players can choose from, which use "traditional slot themed symbols" such as bar, cherries, and sevens. Players wager credits to play the games; if they win, those credits accumulate, and the players may then redeem them for cash.

¶4 These machines also have a "preview feature" which allows patrons to "determine in advance the outcome of any particular game[.]" Put another way, the preview feature allows a player "prior to each game to determine if he or she

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

would be a winner before playing the game[.]" The preview feature is optional, however—players need not use the preview feature in order to play the machines.

¶5    The revenue made from these video gaming machines is split between JD Prime—which gets thirty percent of the profits—and the owners of the convenience stores in which the machines are located, who get the remaining seventy percent.

¶6    In June 2017, the DOR issued removal orders to establishments where these machines were being operated, stating that they were gambling machines and thus "contraband" that is subject to seizure. *See* WIS. STAT. § 968.13(1)(a). JD Prime, along with several of the owners of the convenience stores where the machines were located,[2] filed the action underlying this appeal seeking a declaratory judgment that the JD Prime machines are not gambling machines under the statutory definition.

¶7    A court trial was held on this matter in February 2020. The trial court found that with the availability of the preview feature on the JD Prime machines, a player "has to intentionally make a choice to ignore or not utilize a feature on a game with a known outcome," and that this "intentional choice by a player does not change the basic, known outcome of the game." The court further compared the JD Prime machines to pinball and Pac-Man machines, opining that under a strict

---

[2] The other plaintiffs in this action are Jalil M. Mian d/b/a MJ Petro and SF Food Mart; Raza, LLC d/b/a Northwestern Citgo and Raza Petroleum; Kong Enterprises, LLC d/b/a Odd Fellows; Dhaliwal Deppinder Singh d/b/a AD Petroleum; and Narendar Shah d/b/a Mobil Deli Food Express.

We note that there are different spellings for some of the plaintiffs' names in the record documents; however, we use the spellings set forth in the caption in this decision.

application of the statutory definition of a gambling machine, it "could be argued that they, too, constitute 'gambling machines.'"

¶8      Therefore, the trial court held that the JD Prime video gaming machines were "non-gambling machines," and granted a declaratory judgment in favor of JD Prime. This appeal follows.

## DISCUSSION

¶9      The DOR argues that the trial court erred in concluding that the video gaming machines sold, distributed, and serviced by JD Prime are not gambling machines as defined in WIS. STAT. § 945.01(3). The parties agree that the material facts here are undisputed; therefore, our review of this matter focuses on statutory interpretation to resolve the issue.

¶10     "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory interpretation presents a question of law that this court reviews *de novo*. *DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

¶11     The statutory definition of a "gambling machine" is "a contrivance which for a consideration affords the player an opportunity to obtain something of value, the award of which is determined by chance, even though accompanied by some skill and whether or not the prize is automatically paid by the machine." *See* WIS. STAT. § 945.01(3)(a). JD Prime asserts that because players have the option of using the preview feature, there is no element of chance to its machines, and therefore they do not meet the statutory definition of a gambling machine.

¶12     However, JD Prime does not dispute that players need not utilize the preview feature in order to play the machines, and that when the feature is not used, the outcome of the game being played is determined by chance. Furthermore, JD Prime admitted that players might "voluntarily take a loss" shown on the preview feature in order to be able to continue playing. Moreover, JD Prime also admitted that it obtains revenue from its gaming machines that is split with the owners of the establishments where they are located. As the DOR pointed out, this indicates that "the people who are playing [the machines] are losing money in the aggregate," regardless of the option to use the preview feature. In fact, a special agent for the DOR testified that during his investigation, he did not observe any players utilizing the preview feature. Additionally, that agent—who played the JD Prime machines during his investigation—further testified that even when utilizing the preview feature, the amount it showed would be paid out never exceeded the amount that was being wagered.

¶13     The DOR argues that the fact that the preview feature does not need to be used to play the JD Prime machines establishes that they meet the statutory definition of a gambling machine. In fact, our supreme court recently came to the same conclusion in *Quick Charge Kiosk LLC v. Kaul*, 2020 WI 54, 392 Wis. 2d 35, 944 N.W.2d 598. In *Quick Charge Kiosk*, the plaintiff argued that its video gaming machines were not gambling machines because they included a "free play option,"[3] and therefore did not meet the element of the statute relating to

---

[3] There were two methods for obtaining a free play at the Quick Charge Kiosk machines: players could mail a form and self-addressed envelope to Quick Charge, and in turn receive a certificate that could be exchanged for a dollar to insert into the machine; or, players could request that a Quick Charge employee play a dollar's worth of credits on the player's behalf, with any winnings to be mailed to them. *See Quick Charge Kiosk LLC v. Kaul*, 2020 WI 54, ¶20, 392 Wis. 2d 35, 944 N.W.2d 598. The supreme court noted that neither method had ever been used. *Id.*

consideration. *Id.*, ¶2. The court rejected this argument, stating that WIS. STAT. § 945.01(3)(a) "does not define a gambling machine as a contrivance whose sole use is gambling," but instead "says the opposite, namely, that a 'gambling machine is a contrivance which for a consideration affords the player an <u>opportunity</u> to obtain something of value[.]'" *Quick Charge Kiosk*, 392 Wis. 2d 35, ¶21 (quoting § 945.01(3)). The court concluded that "[s]imply because a [gaming machine] has uses other than illegal gambling does not negate that reality." *Quick Charge Kiosk*, 392 Wis. 2d 35, ¶21.

¶14 That same reasoning applies here. The fact that players *may* use the preview feature does not negate the fact that when they do not use it, the results of that game are determined completely by chance. *See id.*, ¶21. In fact, even when the preview feature is used, any award that might be paid out is still determined by "chance," in that it is randomly generated by the machines; utilizing the preview feature and then choosing not to play if it indicates an impending loss simply eliminates the *risk* of losing money, not the element of chance for winning. *See* WIS. STAT. § 945.01(3)(a). Thus, JD Prime's argument that these are "no-chance" games fails.

¶15 We further note that the trial court's comparison of the JD Prime video gaming machines to pinball machines and Pac Man is misguided. In fact, arcade games are specifically excluded from the definition of a gambling machine in WIS. STAT. § 945.01(3)(b)2.: "'[g]ambling machine' does not include … [a]ny amusement device if it rewards the player exclusively with one or more nonredeemable free replays for achieving certain scores and does not change the ratio or record the number of the free replays so awarded." *Id.*

¶16    "A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely[ ]related statutes—that is, from its context or the structure of the statute as a coherent whole." **Kalal**, 271 Wis. 2d 633, ¶49. That is the case here. In applying the statutory definition of a gambling machine to the operation of the JD Prime machines, those machines clearly satisfy all of the elements of a gambling machine. *See* WIS. STAT. § 945.01(3)(a).

¶17    Therefore, we conclude that the JD Prime video gaming machines are gambling machines pursuant to WIS. STAT. § 945.01(3)(a). As a result, the trial court erred in granting a declaratory judgment stating that they are "non-gambling machines," in favor of JD Prime and the other plaintiffs in this case. Accordingly, we reverse and remand this matter to the trial court for the entry of a judgment declaring the machines to be gambling machines, in favor of the DOR.

*By the Court.*—Order reversed and cause remanded with directions.